

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2009

# USA v. Keith Scutching

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Keith Scutching" (2009). *2009 Decisions.* Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2522
_____

UNITED STATES OF AMERICA,

v.

KEITH SCUTCHING,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 07-cr-0146-1 and 07-cr-0613-1)
District Judge: Honorable Robert F. Kelly

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 30, 2009

Before: RENDELL, AMBRO, and WEIS, Circuit Judges.

(Filed   October 9, 2009 )
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Keith Scutching challenges his sentence of 63 months' imprisonment–a term

within the applicable Guidelines range of 63 to 78 months–arguing that the District Court

failed meaningfully to consider his personal history and characteristics, as required under

18 U.S.C. § 3553(a)(1). In a written guilty plea, Scutching waived his right to appeal the sentence imposed.[1] Supplemental Appendix ("S.A.") 6-7. Accordingly, the government asks the Court to affirm the sentence imposed, without reaching the merits of Scutching's challenge.

---

[1] The plea agreement provides in pertinent part:

> 10. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived . . . .
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
> (1) the defendant's sentence on any count of conviction *exceeds the statutory maximum* for that count as set forth in paragraph 6 above;
> (2) the sentencing judge erroneously *departed upward* pursuant to the Sentencing Guidelines; and/or
> (3) the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), imposed an unreasonable sentence *above the final Sentencing Guideline range determined by the Court*.

S.A. 6-7 (emphasis added). None of these exclusions apply here, as the sentence imposed was within the applicable Guidelines range, and Scutching's challenge to his sentence under § 3553(a) does not implicate a "constitutional claim[] that the relevant case law holds cannot be waived." S.A. 6; *see also United States v. Gwinnett*, 483 F.3d 200, 205-06 (3d Cir. 2007).

Where the government invokes an appellate waiver as a bar to our review, a defendant "must raise any challenge to the waiver's enforceability." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008); *see also United States v. Miliano*, 480 F.3d 605, 608 (1st Cir. 2007). Scutching does not contest the validity of the waiver, which we independently conclude is enforceable here.

Accordingly, we will AFFIRM the Judgment and Commitment Order of the District Court.